Matter of Miller (2021 NY Slip Op 02709)





Matter of Miller


2021 NY Slip Op 02709


Decided on April 30, 2021


Appellate Division, Fourth Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 30, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department
MARK W. BENNETT, CLERK
 
 

PRESENT: PERADOTTO, J.P., CARNI, TROUTMAN, AND WINSLOW, JJ. (Filed Apr. 30, 2021.) 


&em;

[*1]MATTER OF MICHAEL R. MILLER, A SUSPENDED ATTORNEY, RESPONDENT. GRIEVANCE COMMITTEE OF THE SEVENTH JUDICIAL DISTRICT, PETITIONER.



OPINION AND ORDER
Final order of suspension entered.
Per Curiam
Opinion: Respondent was admitted to the practice of law by this Court on January 19, 1993, and he formerly maintained an office in Newark. On October 23, 2020, respondent was convicted upon his plea of guilty in Wayne County Court of criminal contempt in the second degree (Penal Law § 215.50 [3]), a class A misdemeanor. In pleading guilty, respondent admitted that, prior to May 28, 2020, his former girlfriend obtained an order of protection that prohibited respondent from having contact with her. Respondent further admitted that, from May 28 through June 5, 2020, he knowingly and intentionally violated the order of protection by initiating contact with his former girlfriend. In November 2020, the Grievance Committee applied to this Court for an order pursuant to [*2]Judiciary Law § 90 (4) and, on December 8, 2020, the Court entered an order suspending respondent from the practice of law on an interim basis upon his conviction of a serious crime within the meaning of that statute. The Court also directed respondent to appear before the Court and to show cause why a final order of discipline should not be made based on the conviction. In response to the show cause order, respondent filed a written statement in mitigation and, on March 2, 2021, he was heard in mitigation. On March 5, 2021, County Court sentenced respondent to, inter alia, a three-year term of probation and issued a five-year stay away order of protection in favor of his former girlfriend.
In determining an appropriate sanction, we have considered that the misconduct that gave rise to respondent's conviction involved a course of intentional conduct that was in knowing violation of the initial order of protection. We have also considered the matters in mitigation submitted by respondent, including his statement that the misconduct did not directly concern his practice of law or negatively affect his clients and that the misconduct occurred during a period of time in which he made aberrational decisions due to emotional distress and excessive alcohol consumption. Respondent has submitted proof that he has since completed a chemical use evaluation and received a favorable prognosis. Accordingly, after consideration of all of the factors in this matter, we conclude that respondent should be suspended from the practice of law for a period of six months, effective December 8, 2020, and until further order of this Court.